UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GALLAGHER, et al.,<br><br>    Defendants. | Case No. 1:19-cv-0654-JLT (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A RESPONSE**<br><br>(Doc. 1.)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff's claims arose while he was incarcerated at California State Prison in Corcoran, California ("CSP-Cor"). He names several CSP-Cor correctional officers as defendants: J. Gallagher, A. Randolph, J Burnes, P. Rodriquez, E. Ruiz, C. Gamboa, and A. Loza.

Plaintiff brings this action for violation of his Eighth Amendment rights, for which he seeks damages, injunctive relief, and declaratory relief. The parties are named in their individual and official capacities. Plaintiff's allegations may be fairly summarized as follows:

**A. "Food Restriction"**

Between February and December 2018, Plaintiff filed a separate lawsuit against each of the following defendants: Burnes, Gallagher, Rodriguez, and Randolph. On May 2, 2019, these same defendants placed Plaintiff on "food restriction." When Plaintiff complained that he needs to take his psychiatric medication with food, Ruiz replied, "You should have thought about all of that

before you filed them law suits on my boss, and my partner." Rodriguez added, "You sued me, and you think you're going to eat my food, you're not [eating] any food as long as I'm working here." When Plaintiff asked for clarification if they were retaliating against him for suing them, Rodriguez responded, "It's nice to see the dumb ass inmate understands us these days." Plaintiff claims that two unidentified correctional officers then placed a cement block in front of plaintiff's food port to prevent other inmates from giving plaintiff food.

Plaintiff was not fed any food "from 2nd watch officers" from May 2 through May 7. It is unclear if Plaintiff ate at other points during that period—for example, when the "2nd watch officers" were *not* on duty—or if he was denied all food during this period.

### B. Denial of Inmate Grievance Form

Plaintiff requested an inmate grievance form from defendant Burnes so that he could challenge the food restrictions. Burnes denied plaintiff the form, stating "Oh, you are also on complaint restriction as well."

### C. Threats

On May 2, 2019, defendants Burnes, Gamboa, and Ruiz attempted to enter plaintiff's cell to physically assault him. When they failed to gain entry, Burnes made the following verbal threat: "Boy! You better not ever untie this fucken cell door, I got just the thing for you'er bitch ass, you;er all mines [*sic*]."

### D. Pepper Spray

On May 3, 2019, defendant Burnes, Loza, Rodriguez, and Ruiz approached plaintiff's cell. Burnes stated, "you don't have to come out of your cell, we got something for you," at which point Ruiz opened the food port to plaintiff's cell, and Rodriguez sprayed plaintiff in the face with pepper spray. Rodriguez then said, "that's for suing me you little rat." Loza and Burnes then loudly accused plaintiff of being a snitch in front of other inmates.

## III. Discussion

### A. Denial of Food

The Eighth Amendment protects a prisoner's right to receive food "adequate to maintain health." Lemaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993). The Ninth Circuit has held that

denial of 16 meals in 23 days "is a sufficiently serious deprivation because food is one of life's basic necessities." Foster v. Runnels, 554 F.3d 807, 812–13 (9th Cir. 2009). In that case, the court did not reach the conclusion whether the meals plaintiff did receive were adequate to maintain his health. Other cases finding a sufficiently serious deprivation involve the plaintiff being deprived of food entirely for more than two consecutive days. See Dearman v. Woodson, 429 F.2d 1288, 1289 (10th. Cir. 1970) (no food for twelve days); Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999) ("infirm" plaintiff did not receive food for 3–4 days at a time); Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1983) (no food for 12 days, some consecutive, out of 53–day period). In another case, the Eighth Circuit found that depriving plaintiff of four consecutive meals in two days is a sufficiently serious deprivation. Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998).

Plaintiff claims that he was denied food "from 2nd watch officers" for six consecutive days. While the allegations are not entirely clear as to whether he missed only one meal per day or if he was not fed at all for consecutive days, his allegations suggest that he was unable to take his psychiatric medication when his meals were withheld. Because the denial of food impacted his psychiatric care, the Court finds that he has adequately asserted a claim against defendants Burnes, Gallagher, Rodriguez, and Randolph.

**B. Retaliation**

Plaintiff also accuses several defendants of retaliating against him. The fundamentals of a retaliation claim are easily summarized: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Under the first element, plaintiff need not prove that the alleged retaliatory action, in

itself, violated a constitutional right. Pratt, 65 F.3d at 806 (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.

To prove the second element – retaliatory motive – plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882–83 (9th Cir. 2011); accord Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882.

The third element concerns a prisoner's First Amendment right to access the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567–68. Protected speech also includes an inmate's statement of intent to pursue an administrative grievance or civil litigation. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Rhodes, 408 F.3d at 567; Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

1 Under the fourth element, plaintiff need not demonstrate a "total chilling of his First
2 Amendment rights," only that defendant's challenged conduct "would chill or silence a person of
3 ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568–69
4 (citation and internal quotation marks omitted). Moreover, direct and tangible harm will support
5 a retaliation claim even without demonstration of a chilling effect on the further exercise of a
6 prisoner's First Amendment rights. Id. at 568 n.11. "[A] plaintiff who fails to allege a chilling
7 effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse
8 action. Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n.11).

Regarding the fifth element, the Ninth Circuit has held that preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo, 778 F.2d at 532. When considering this final factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for defendant's challenged conduct. Pratt, 65 F.3d at 806. A plaintiff must prove that the alleged retaliatory motive was the but-for cause of the challenged actions. Hartman v. Moore, 547 U.S. 250, 260 (2006).

Plaintiff asserts that between February and December 2018, he filed a separate lawsuit against defendants Burnes, Gallagher, Rodriguez, and Randolph. Then, in early May 2019, these defendants denied plaintiff food over the span of several days after making statements referencing the lawsuits. Because it appears the denial of food furthered no legitimate penological goal, the Court finds that plaintiff has asserted a cognizable First Amendment retaliation claim against these defendants on these facts.

Plaintiff also alleges a cognizable claim against Burnes, Loza, Rodriguez, and Ruiz for pepper spraying plaintiff on May 3, 2019. The allegations reveal a direct link to plaintiff's protected activity. There is also no suggestion that the use of the pepper spray was intended to restore or maintain order. As such, appears to be a gratuitous use of force.

Per plaintiff, it was in that context that Loza, Rodriguez, and Burnes accused plaintiff of being a snitch in front of other inmates. Considering the timing of this label and the statements made by others regarding plaintiff's litigation activity and the potential for harm from other inmates for being labeled a snitch, the Court construes this as a retaliation claim. See Valandingham v. Bojorquez, 866 F.2d 1135, 1140 (9th Cir. 1989) (plaintiff stated a cognizable claim when he alleged defendant labeled him a snitch in retaliation for seeking legal redress for his grievances).

### C. Excessive Force

The gratuitous use of force addressed in the context of plaintiff's First Amendment retaliation claim also states an Eighth Amendment excessive force claim. When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff alleges that while he was in his cell, defendant Ruiz opened the food port to plaintiff's cell while Rodriguez sprayed plaintiff in the face with pepper spray. Since there appears to have been no need for that use of force and the allegations suggest no threat posed by plaintiff, these allegations are sufficient to proceed against Ruiz and Rodriguez on an excessive force claim.

///

### D. Failure to Protect

A prison official may be liable under 42 U.S.C. § 1983 if he is aware that a fellow officer is violating a prisoner's constitutional rights but fails to intervene. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."); see also Gaudreault v. Municipality of Salem, 923 F.2d, 203, 207 n. 3 (1st Cir. 1990) ("An officer who is present at the scene who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance."). The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham, 229 F.3d at 1289; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff also asserts a failure to protect claim, which is presumably aimed at Burnes and Loza, who witnessed Rodriguez and Ruiz participate in the pepper spraying of plaintiff but failed to intervene. At this stage, the Court finds that plaintiff has stated a cognizable claim against these defendants.

### E. Verbal Threats

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). While plaintiff contends that he was subjected to verbal threats by defendant Burnes, these allegations fail to state a claim.

### F. Failure to Exhaust

Finally, plaintiff admits in the complaint that he did not exhaust his administrative remedies prior to filing this action. By way of explanation, plaintiff contends that defendant Burnes refused to give him an inmate grievance form on May 2, 2019, when plaintiff sought to challenge the food restriction, claiming that plaintiff was on "complaint restriction" as well. Plaintiff is forewarned that his complaint may be subject to a motion for summary judgment for failure to exhaust administrative remedies.

Plaintiff's claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

**IV. Conclusion**

Plaintiff's complaint several cognizable claims: (1) an Eighth Amendment claim for denial

of food against Burnes, Gallagher, Rodriguez, and Randolph; (2) a First Amendment retaliation claim against Burnes, Loza, Rodriguez, and Ruiz; (3) an Eighth Amendment excessive force claim against Ruiz and Rodriguez; and (4) an Eighth Amendment failure to protect claim against Burnes and Loza.

The remaining claims are not cognizable as pled. The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment).

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The undersigned will then recommend that his remaining claims be dismissed, and the Court will provide information regarding the process for obtaining subpoenas duces tecum.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d

55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.  Accordingly, the Court **ORDERS**:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
2. **Within 30 days** from the date of service of this order, plaintiff must:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; or
   c. Notify the Court in writing that he wishes to stand on his complaint as written; and
3. If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **November 26, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE