UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GALLAGHER, et al.,<br><br>    Defendants. | No. 1:19-cv-0654-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(Doc. No. 13) |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Plaintiff's complaint, filed May 14, 2019, alleges constitutional claims arising during his incarceration at California State Prison, Corcoran. (Doc. No. 1.) In a November 26, 2019, screening order, the magistrate judge accurately summarized plaintiff's allegations. (*See* Doc. No. 9 at 2–3.) Generally, plaintiff alleges that: (1) certain defendants (Burnes, Gallagher, Rodriguez, and Randolph) deprived plaintiff of food in retaliation for filing a separate lawsuit; (2) defendant Burnes refused to give plaintiff an inmate grievance form so that he could challenge the food deprivation; (3) defendants Burnes, Gamboa, and Ruiz attempted to gain access to plaintiff's cell to physically assault him, but, upon failing to gain entry, Burnes verbally threatened plaintiff; and (4) on May 3, 2019, defendants Burnes, Rodriguez, and Ruiz

collaborated to pepper spray plaintiff in retaliation for the lawsuit he had brought as mentioned above, while defendants Loza and Burnes loudly accused plaintiff of being a snitch in front of other inmates. (*Id*.) The magistrate judge's screening order concluded that plaintiff stated several cognizable claims, including: (1) an Eighth Amendment claim for denial of food against defendants Burnes, Gallagher, Rodriguez, and Randolph; (2) a First Amendment retaliation claim against defendants Burnes, Loza, Rodriguez, and Ruiz; (3) an Eighth Amendment excessive use of force claim against defendants Ruiz and Rodriguez; and (4) an Eighth Amendment failure to protect claim against defendants Burnes and Loza. (*Id*. at 9–10). The magistrate judge further found that all other claims and defendants were not cognizable as pled, and gave plaintiff the option of electing to proceed on the claims found to be cognizable in the screening order only or file an amended complaint. (*Id*. at 11.)

On December 16, 2019, plaintiff filed a notice indicating that he wished to elect to proceed on only the claims found to be cognizable and not to file an amended complaint. (Doc. No. 10.) Accordingly, on January 9, 2019, the magistrate judge issued findings and recommendations recommending that the claims found to be cognizable be permitted to proceed, while the remaining claims be dismissed. (Doc. No. 13.) The findings and recommendations were served on plaintiff and contained notice to plaintiff that any objections thereto were to be filed within fourteen days. (*See id*.) Plaintiff has not filed objections.

The court has reviewed the file de novo in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304 and finds the F&Rs to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The F&Rs filed January 9, 2020, are adopted in full; and

2. This action shall proceed on the following claims: (1) an Eighth Amendment claim for denial of food against defendants Burnes, Gallagher, Rodriguez, and Randolph; (2) a First Amendment retaliation claim against defendants Burnes, Loza, Rodriguez, and Ruiz; (3) an Eighth Amendment excessive force claim against defendants Ruiz and Rodriguez; and (4) an

Eighth Amendment failure to protect claim against defendants Burnes and Loza.  All other claims and defendants are hereby dismissed.

IT IS SO ORDERED.

Dated: **February 10, 2020**

_____
UNITED STATES DISTRICT JUDGE